RECEIVED
IN LAKE CHARLES, LA

MAR 1 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

DENEEN RICHMOND, individually,
and as natural tutrix of DUSTIN
REEVES

VS. NO. *2005-865*

AGCO CORPORATION, VARITY
CORPORATION, MASSEY-
FERGUSON, INC., PEDERSEN
BROTHERS EQUIPMENT, INC.,
MARK PEDERSEN, individually,
and/or d/b/a MARK PEDERSEN
EQUIPMENT CO., and GRANGER
EQUIPMENT CO., INC.

FILED: *2-17-05*

14TH JUDICIAL DISTRICT COURT

# CV05-0492

PARISH OF CALCASIEU

STATE OF LOUISIANA

JUDGE MINALDI

MAGISTRATE JUDGE WILSON

DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

The petition of DENEEN RICHMOND, individually, and as natural tutrix of DUSTIN

REEVES, a resident of the Parish of Allen, State of Louisiana, with respect, represents:

1.

Made defendants herein are:

A.   AGCO CORPORATION, a foreign corporation authorized to do and doing
     business in the State of Louisiana, which may be served through its agent for
     service, CT Corporation System, 8550 United Plaza Blvd., Baton Rouge,
     Louisiana 70809;

B.   VARITY CORPORATION, a foreign corporation which may be served via
     Louisiana Long Arm statute, through its agent for service at 672 Delaware
     Avenue, Buffalo, New York 14209;

C.   MASSEY-FERGUSON, INC., is a foreign corporation which may be served
     via Louisiana Long Arm statute, through its agent for service, Varity
     Corporation, 672 Delaware Avenue, Buffalo, New York 14209;

D.   PEDERSEN BROTHERS EQUIPMENT, INC., a domestic corporation,
     authorized to do and doing business in the State of Louisiana, which may be
     served through its agent for service of process, Mark Carl Pedersen, 5580
     Cox Road, Bell City, Louisiana 70630;

E.   MARK PEDERSEN, individually, and/or d/b/a MARK PEDERSEN
     EQUIPMENT CO., is a person of the full age and majority and a resident of
     the State of Louisiana who may be served at 5580 Cox Road, Bell City,

Exhibit E



EXHIBIT

E

Louisiana 70630, or in the alternative at 6170 Highway 90 East, Lake Charles, Louisiana 70615; and

F.    GRANGER EQUIPMENT CO., INC., a domestic corporation, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Mark E. Granger, 105 Point Drive, Jonesboro, Louisiana 71251.

2.

On or about February 23, 2004, DUSTIN REEVES, was operating a Massey-Ferguson Model 283 Tractor in Allen Parish, Louisiana. The Massey-Ferguson Model 283 Tractor had a Massey-Ferguson Model 236 front-end loader attached to it. Both the tractor and the front-end loader were purchased from Massey-Ferguson's agent, MARK PEDERSEN, individually, and/or MARK PEDERSEN EQUIPMENT CO., PEDERSEN BROTHERS EQUIPMENT, INC., and/or GRANGER EQUIPMENT CO., INC. DUSTIN REEVES was lifting a round bale of hay with the tractor and front-end loader when the bale of hay tumbled/rolled down the arms of the loader, and landed on top of him, crushing his body, thereby causing him to sustain severe, disabling and permanent injuries.

3.

The Massey-Ferguson Tractor and front-end loader were manufactured, designed tested, inspected, serviced and distributed into the stream of commerce by defendants, AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON, INC.

4.

PEDERSEN BROTHERS EQUIPMENT, INC. and/or MARK PEDERSEN, individually, and/or MARK PEDERSEN EQUIPMENT CO., and/or GRANGER EQUIPMENT CO., INC., attached the front-end loader to the tractor and are manufacturers because they sold the tractor and changed its quality by selling and attaching a front-end loader to the tractor and it is the combination of these units without adding necessary safeguards which caused DUSTIN REEVES' injuries.

5.

It is alleged on information and belief that after being manufactured by said AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON, INC., the

aforementioned equipment was distributed through the normal channels and sold, in the ordinary course of business.

6.

It is alleged that defendant, AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON INC., failed to properly design, manufacture, assemble and test the Massey-Ferguson Tractor and front-end loader rendering the tractor and loader combination defective and unreasonably dangerous. Said failures directly and proximately caused DUSTIN REEVES to suffer severe pain, suffering and permanent injuries, and to incur medical and life care expenses which are expected to continue indefinitely and for DENEEN RICHMOND to suffer a loss of consortium.

7.

DUSTIN REEVES was using the tractor and front-end loader to move hay in a way ordinary users move hay in the same or similar circumstances and in a way all defendants expected.

8.

It is further alleged that when defendant, AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON, INC., designed, manufactured and sold the Massey-Ferguson Tractor and front-end loader, they were aware ordinary users used forks on their front-end loaders to transport objects that could fall or roll down onto operators including but not limited to large round bales of hay.

9.

The tractor and front-end loader were unreasonably dangerous in design when combined together without appropriate safeguards, and these design flaws existed at the time these products left the manufacturers' control.

10.

There existed alternative designs for the tractor and for the front-end loader capable of preventing plaintiffs' damages.

11.

The likelihood that the tractor and front-end loader design would cause users injuries including but not limited to severe and permanent injuries outweigh the burden on defendant manufacturers of adopting such alternative designs and the adverse effect, if

any, of such alternative design on the utility of the product.

12.

The warnings accompanying the tractor and loader were not adequate for dealers, purchasers, and users.

13.

The tractor and front-end loader's unreasonably dangerous characteristics were known to the defendant manufacturer(s) and the defendant manufacturer(s) knew these dangerous characteristics were causing death and severe injuries yet failed to adequately redesign, guard, or warn about these characteristics.

14.

The defendant manufacturer(s) knew that not only were alternative designs reasonably available, they were also economically feasible with less risk of harm.

15.

It is alleged on information and belief that the said injuries sustained by DUSTIN REEVES were caused through the fault and negligence of defendant, AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON, INC., including but not limited to one or more of the following particulars:

a.   In designing and manufacturing a tractor and front-end loader which were in a defective condition, unreasonably dangerous and unsafe for reasonably anticipated use;

b.   In failing to install and/or sell as standard equipment or as a delete option, self-leveling;

c.   In failing to extend the front-end loader posts upward to an extent and in a manner sufficient to protect the tractor operator from large objects falling down the loader into the operator's compartment;

d.   In failing to provide a substantial anti-roll back guard on the front-end loader to reduce the risk of an object sliding off the top surface of the front-end loader onto the operator;

e.   In failing to install an appropriate guard to prevent a front-end loader from being raised too high without an override and/or appropriate warning alarm, allowing the load to roll down the loader arms onto the operator;

f.    In failing to provide adequate warnings to dealers, purchasers and operators;

g.    In failing to post durable warning signs on the tractor and front-end loader that could withstand weather conditions and other causes of deterioration;

h.    For not training or instructing its agents and sales force to warn buyers that a front-end loader should not be operated without FOPS (Falling Object Protection System) for the operator;

i.    For breaching its clear duty to consumers by failing to safeguard its products by warning dealers and existing owners to retrofit all tractors with front-end loaders to install FOPS;

j.    In allowing said products to stay on the market without warning dealers, owners and users to install FOPS (Falling Object Protection System), on tractors used with front-end loaders having been aware of the dangers from falling objects for over 30 years to date;

k.    For selling a dangerous and defective product to consumers who trust in the safety of Massey-Ferguson products as sold;

l.    In failing to provide for retrofit of damaged warning decals on the tractor and/or loader when they were brought to a Massey-Ferguson dealer for repairs; and

m.    In failing, before sale, to require purchasers of front-end loaders to: (1) Have adequate FOPS on any tractor on which the front-end loader was to be installed; (2) In the event of incompatibility or the tractor being without FOPS, to have the tractor owner agree to install FOPS once the incompatibility was removed; and (3) In addition, failing to have the owner agree to indemnify the manufacturer and/or dealer from any injury, damages, and losses incurred by manufacturer and/or dealer as a result of injuries to any person which Falling Object Protection could have prevented.

16.

It is alleged on information and belief that the said injuries sustained by DUSTIN REEVES and DENEEN RICHMOND were caused through the fault and negligence of defendants, PEDERSEN BROTHERS EQUIPMENT, INC. and/or MARK PEDERSEN, individually, and/or MARK PEDERSEN EQUIPMENT CO., and/or GRANGER EQUIPMENT

CO., INC., in the following nonexclusive particulars:

    a.    In failing to warn and/or instruct potential buyers of the dangers which would be associated with reasonably anticipated uses of the front-end loader with the tractor when they knew or should have known that their use without FOPS was unreasonably dangerous;

    b.    In failing to install FOPS (Falling Object Protection System) when adding a front-end loader to a tractor;

    c.    In failing to warn buyers to purchase FOPS for any tractor on which the front-end loader was to be installed;

    d.    In failing to warn buyers to purchase self-leveling for the front-end loader;

    e.    In failing to retrofit damaged warning decals on the tractor and front-end loader; and

    f.    In failing to warn post sale of the need for FOPS on the tractor/front-end loader unit.

17.

As a result of the above described accident, DUSTIN REEVES, suffered severe, disabling and permanent injuries to his entire body, suffering total loss of movement from the waist down, rendering him a quadriplegic, as well as internal injuries, lacerations, and bruising, causing him past and future mental and physical pain and suffering, mental anguish and anxiety, depression, and resulting disability. As a result of said injuries, plaintiff, DENEED RICHMOND, has incurred past medical rehabilitation and pharmacy expenses, and will incur additional future medical, rehabilitation, pharmacy expenses, and life care expenses, indefinitely. Additionally, DUSTIN REEVES has suffered a loss of enjoyment of life, scarring and disfigurement, disability and loss of earning capacity, past and future, all for which he is entitled to recover from defendants in a reasonable amount to be fixed by this Honorable Court.

18.

Plaintiff, DENEEN RICHMOND, as natural tutrix of DUSTIN REEVES, is entitled to recover just, reasonable and proper damages, including but not limited to the following:

    a.    All past and future medical, hospitalization and life care expenses including pharmacy expenses;

b.   Past, present and future physical pain, suffering and disability;

c.   Past, present and future mental pain, suffering and disability;

d.   Past loss of earnings and future loss of earning capacity;

e.   Past, present and future loss of enjoyment of life;

f.   Scarring and disfigurement; and

g.   Disability.

19.

Plaintiffs, as a result of the liability of defendants, AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON, INC., PEDERSEN BROTHERS EQUIPMENT, INC., MARK PEDERSEN, individually, and/or MARK PEDERSEN EQUIPMENT CO., and GRANGER EQUIPMENT CO., INC., DENEEN RICHMOND and DUSTIN REEVES have sustained serious and permanent injuries that have resulted in physical pain, mental anguish and impairment in the past and will cause them physical pain, mental anguish and impairment in the future.

20.

Plaintiff, DENEEN RICHMOND, who is the mother of DUSTIN REEVES, was, at the time of the incident complained of herein, and is still, living and attending to his needs  and has suffered a loss of consortium, services and society of her child, and will continue to do so permanently in the future.

WHEREFORE, plaintiff, DENEEN RICHMOND, individually, and as natural tutrix of DUSTIN REEVES, prays for service and citation on the defendants according to law and after due proceedings had and trial thereof, there be judgment herein in favor of plaintiffs and against the defendants, AGCO CORPORATION and/or VARITY CORPORATION and/or MASSEY-FERGUSON, INC., PEDERSEN BROTHERS EQUIPMENT, INC., MARK PEDERSEN and/or MARK PEDERSEN EQUIPMENT CO., and GRANGER EQUIPMENT CO., INC. in just and reasonable sums as prayed for herein, together with costs of Court, prejudgment interest, and for all such other relief, both general and special, in law and in

equity, to which they may show themselves justly entitled.

Respectfully submitted,

THE TOWNSLEY LAW FIRM

BY:

TODD A. TOWNSLEY
LA Bar Roll #: 21095
3102 Enterprise Boulevard
Lake Charles, LA 70601
Phone: (337) 478-1400
Fax: (337) 478-1577

JONES & HILL

BY:

CRAIG HILL
LA Bar Roll #: 23780
P. O. Box 1260
Oberlin, LA 70655
Phone: (337) 639-2127
Fax: (337) 639-2134

Attorneys for plaintiffs

A TRUE COPY
Lake Charles, Louisiana
3-7-05
Deputy Clerk of Court
Calcasieu Parish, Louisiana

A TRUE COPY
LAKE CHARLES, LOUISIANA
2-17-05
Deputy Clerk of Court
Calcasieu Parish, Louisiana